This is a suit for compensation claimed to be due plaintiff as the result of accidental injuries suffered while in the course of his employment by the defendants, a commercial partnership, and the individual members thereof.
Plaintiff is a negro, thirty-three years of age, and it would appear that he is a reasonable facsimile of "Mr. Five-by-Five", since he is four and one-half feet tall and weighs 205 pounds. While employed at defendant's mill, plaintiff was assisting in putting in a pulley which was located several feet above the ground, and in the course of his work, stretching to reach the pulley, stepped on the edge of the platform and one of the loose boards turned and precipitated him to the ground, some four and one-half feet below. The ground was covered with sawdust and water, which apparently formed a spongy substance. Plaintiff fell upon his feet and then turned in a sort of somersault rotation to the ground.
The injuries complained of are a severe sprain of the left ankle, which also involved a fracture of the internal malleolus, and severe injuries to the back. The testimony with reference to the back injury is so conflicting as to be of little value to the Court, the opposing opinions of the medical experts leaving an open question as to whether the injuries resulted from the accident or were attributable to a congenital deformation of the plaintiff. However, we do not feel it necessary to discuss in detail, or, indeed, to reach a conclusion as to the extent of the back injuries, since the testimony with reference to the ankle injury is sufficient to determine the question of compensation. The weight of the medical testimony is convincing as to the character of the injury to the ankle, and there can be no doubt, after an analysis of the testimony, that plaintiff at the time of the trial was suffering from total disability as a result of the ankle injury. There is some question as to the degree of permanency of the injury.
The record is barren of any cause, other than the accident alleged and proved, to which the disability might be attributed. In view of the unusual size and conformation of plaintiff, it is only reasonable to assume that an injury of the character established would prove not only more painful but more disabling than to a normal individual.
The learned Judge of the lower Court reached the conclusion that the plaintiff at the time of trial was unable to do any manual labor of a reasonable character, and found that plaintiff was suffering from a temporary total disability, awarding judgment at the rate of $9.10 per week for a period not to exceed 400 weeks. We find no error in this judgment or in the reasons expressed in the written opinion of the Judge below.
On behalf of plaintiff his counsel filed a motion in this Court praying for dismissal of the appeal, the allowance of penalties for frivolous appeal, and, in the alternative, an amendment increasing the compensation rate to $11.50 per week, together with medical expenses.
We cannot agree that there is anything in the record to indicate that the appeal is without reasonable basis. The right to appeal is a fundamental safeguard of justice, and except in cases which clearly demonstrate its abuse, Courts should be slow to penalize litigants who take advantage of this right.
As to the rate of compensation, we do not find error in the calculations of the trial Judge.
Medical expenses were disallowed by judgment of the lower Court, and we do not find there is sufficient evidence to form the basis for an award for this purpose.
Accordingly, the motion is disallowed. For the reasons assigned, the judgment of the lower Court is affirmed at appellant's cost. *Page 313